# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

RONALD GREG KLINE and
BARBARA JEANETTE KLINE,

**Debtors.**

**Bankruptcy Case
No. 05-40479**

_____

### MEMORANDUM OF DECISION
_____

**Appearances:**

      David E. Gabert, Pocatello, Idaho, Attorney for Debtors.

      Jim Spinner, SERVICE, SPINNER & GRAY, Pocatello, Idaho, Attorney for Trustee.

      R. Sam Hopkins, Pocatello, Idaho, Chapter 7 Trustee.

### Background and Facts

On September 2, 2005, the Court entered an order sustaining the Chapter 7 Trustee's objection to Debtors' homestead exemption claim (the "Order"). Docket No. 27. A Notice of Electronic Filing on the clerk's docket indicates Debtors' counsel was sent a copy of the Order via email that same day.

MEMORANDUM OF DECISION - 1

On September 15, 2005, Debtors filed a "Motion to Extend Time on Debtors' Motion to Set-Aside." Docket No. 30. The motion indicated Debtors intended to file a motion the following day seeking reconsideration of the Court's Order. On September 16, Debtors filed a motion to set-aside the Court's Order under Fed. R. Civ. P. 59(e). Docket No. 31. Debtors' motion was supported by an affidavit of Mr. Kline, purporting to set forth new facts concerning Debtors' living arrangements that Debtors argue entitled them to a homestead exemption in their cabin. Aff. of Kline, Docket No. 31.

The parties appeared at a hearing held on October 4, 2005. Docket No. 35. Trustee argued that Debtors' submissions were untimely under Fed. R. Civ. P. 59(e),[1] which requires such motions to be filed no later than ten days after entry of the judgment sought to be amended.[2] Because Debtors' motion to extend time and their motion to amend the judgment were filed thirteen and fourteen days, respectively, after entry of the Court's Order, Trustee contends the motions must be denied. Trustee also argues that even if Debtors' motion to amend the Order is considered on the merits, Debtors have not established grounds to set

---

[1] Fed. R. Civ. P. 59 is made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 9023.

[2] Under Fed. R. Bankr. P. 9001(7), a judgment is defined as any appealable order. The Order in this case qualifies as such.

MEMORANDUM OF DECISION - 2

aside the order.  In response, Debtors' counsel asserts that he believed Fed. R. Bankr. P. 9006(d) should be read to enlarge the ten-day period for filing a Rule 59(e) motion by three days, and that even if his submissions were untimely, his error constituted excusable neglect and his clients should not be prejudiced by his mistake.

After allowing the parties additional time to submit written briefs,[3] the Court took the matter under advisement.  What follows constitutes the Court's findings of fact and conclusions of law.  Fed. R. Bankr. P. 7052; 9014.

## Disposition

### A.  The Court Has No Discretion to Enlarge the Ten Day Time Limit.

Rule 59(e) allows parties only ten days after entry of a judgment to request that it be altered or amended.  Here, the judgment in question is the Court's September 2 Order.  The time limit for filing a Rule 59(e) motion as to that Order expired on September 12.  In *Thomason Farms, Inc. v. Tri-River Chemical Co.*, 02.2 I.B.C.R. 107, 108 (Bankr. D. Idaho 2002), the Court explained that the three day extension granted by Fed. R. Bankr. P. 9006(f) applies only to extend the time based upon the date of *service* of a pleading, if service was made by mail, and therefore did not apply to extend the ten day time limit for motions to

---

[3] Both parties elected to do so.  Docket Nos. 36, 40.

MEMORANDUM OF DECISION - 3

alter or amend a judgment entered pursuant to Fed. R. Civ. P. 52.[4]  An identical ten day time limit applies for motions under Fed. R. Civ. P. 59(e), and thus Fed. R. Bankr. P. 9006(f) is inapplicable to extend the time for filing a motion to alter or amend under Fed. R. Civ. P. 59(e).[5]

Fed. R. Bankr. P. 9006(b) governs the enlargement of time in bankruptcy cases.  Enlargement may be permitted in two instances.  If a party files a motion to enlarge time before the expiration of the time period, the Court may do so in its discretion.  Fed. R. Bankr. P. 9006(b)(1).  If a party's motion is made after the original time period has expired, then a court may enlarge the time only if the failure to act was the result of excusable neglect.  Fed. R. Bankr. P. 9006(b)(1).  However, Fed. R. Bankr. P. 9006(b)(1) has an important exception.  It provides that its rules for enlargement of time apply "[e]xcept as provided in paragraphs (2) and (3) of this subdivision[.]"  Fed. R. Bankr. P. 9006(b)(1).  One of those

---

[4] Fed. R. Civ. P. 52 is made applicable in adversary proceedings by Fed. R. Bankr. P. 7052.

[5] Debtors' argument that Fed. R. Civ. P. 6(a), which allows intermediate Saturdays, Sundays and legal holidays to be excluded when computing the time for periods of less than eleven days, is not well taken.  Fed. R. Civ. P. 6(a) does not apply in bankruptcy cases.  Fed. R. Bankr. P. 9006(a) only allows intermediate Saturdays, Sundays and legal holidays to be excluded from computation if the time period prescribed is less than *eight* days.  Here, Fed. R. Civ. P. 59(e), made applicable by Fed. R. Bankr. P. 9023, prescribed ten days.  Thus, Fed. R. Bankr. P. 9006(a) does not exclude weekends and legal holidays from computation of the time period.

MEMORANDUM OF DECISION - 4

exceptions, Rule 9006(b)(2), provides that "[t]he court *may not* enlarge the time for taking action under Rule[] . . . 9023." (Emphasis added.) In short, this Court has no discretion to enlarge the ten day period for filing a motion to alter or amend under Fed. R. Bankr. P. 9023, and hence under Fed. R. Civ. P. 59(e), even under circumstances constituting excusable neglect.[6]

The holding in *Thomason* and the Court's construction of Rule 9006 renders Debtors' motion under Fed. R. Civ. P. 59(e), filed four days after the expiration of the ten day period, untimely. And Debtors' motion to extend the time period, filed three days late, also can not be considered under Rule 9006(b). The Court is without discretion to enlarge the time period for any reason, even if Counsel's neglect was excusable, because the excusable neglect standard of Rule 9006(b)(1) applicable to tardy motions for extension does not apply under the plain language of both Rule 9006(b)(1) and (b)(2).

---

[6] *See e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 389 n.4 (1993) (explaining that subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the excusable neglect standard in subsection (b)(1) of the Rule); *In re Home & Family, Inc.*, 85 F.3d 478, 481 (10th Cir. 1996) (holding that the court has no power to extend the time to file a motion for reconsideration); *In re Southeast Bank Corp.*, 97 F.3d 476, 478 (11th Cir. 1996) (holding that the ten day period under Fed. R. Civ. P. 59(e) may not be extended under Fed. R. Bankr. P. 9006(b)(2)). *Cf. In re Silcock*, 00.1 I.B.C.R. 40, 41 (Bankr. D. Idaho 2000) (holding that Rule 9006(b)(3) specifically limits the ability of the court to enlarge time periods under Rule 4007(c) to the conditions stated in rule).

MEMORANDUM OF DECISION - 5

**B. Even if the Court Could Grant the Motion for Extension, Debtors Cannot Meet Their Burden Under Rule 59(e).**

Even were Debtors' motions timely, the Court concludes that the motion to alter or amend should not be granted. Debtors' burden under Fed. R. Civ. P. 59(e) is to

> clearly establish a manifest error of fact, a manifest error of law, or the existence of newly discovered evidence. *Hale v. United States Tr.* (*In re Basham*), 208 B.R. 926 934 (9th Cir. BAP 1997); *Krommenhoek v. Covino* (*In re Covino*), 241 B.R. 673, 679, 99.4 I.B.C.R. 138, 140–41 (Bankr. D. Idaho 1999); *Jimenez v. Rodriguez* (*In re Rodriguez*), 233 B.R. 212, 218–19 (Bankr. D. Puerto Rico 1999). The motion may not be used to simply ask the Court to rethink matters already decided, to reargue matters already submitted, or to attempt to cure deficiencies in earlier submissions that were found to be inadequate. *In re Negrete*, 183 b.R. 195, 197 (9th Cir. BAP 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996); *Alexander v. Bleau* (*In re Am. West Airlines, Inc.*), 240 B.R. 34, 38 (Bankr. D. Ariz. 1999).

*In re Couch-Russell*, 04.1 I.B.C.R. 9, 10 (Bankr. D. Idaho 2004). Debtors' motion, supported by Mr. Kline's affidavit, encourages the Court to rethink its view of the facts in light of Mr. Kline's more detailed explanation of his living arrangements before the date he and his wife filed for bankruptcy. These submissions do not satisfy the standards enumerated above.

Even were the Court inclined to accept Mr. Kline's expanded version of the facts, it would not change its opinion. Mr. Kline and his wife used

MEMORANDUM OF DECISION - 6

the cabin primarily as a summer cabin. Mr. Kline always returned to their "home" in Layton during the winter, and it was never Debtors' intent to give up their home in Utah unless and until Ms. Kline retired. *See also* Mem. at 3, Docket No. 40 (explaining that Debtors did not intend to reside in the cabin on a full-time basis until Ms. Kline retired). When Ms. Kline retired in February, just one month prior to filing bankruptcy, both she and her husband resided in Utah, and only then did they decide to "give up the mobile home and to reside in the cabin on a full-time basis as we had always planned." Aff. of Kline ¶ 12, Docket No. 31.

In its earlier Memorandum, the Court explained that even if Idaho law applied in this case, absent a recorded declaration Debtors could only be protected by the exemption from and after the time the Lava cabin had been "occupied as [their] principal residence." Mem. Decision at 10–11, Docket No. 26. The cabin clearly was not Debtors' "principal" residence, and Debtors did not intend for it to become such, until Ms. Kline retired. This same intent is reflected in Mr. Kline's affidavit. When Ms. Kline retired, neither one of them was actually residing in the Lava cabin, and they had not occupied the cabin before that as their principal residence.

The other important and deciding factor disqualifying Debtors in this case from claiming the exemption was Debtors' second residence in Utah. At the

MEMORANDUM OF DECISION - 7

time of filing, both Debtors resided in Utah and the mobile home qualified as a homestead eligible for exemption. Under circumstances where a debtor has not yet occupied a residence as a homestead, or if a debtor has another residence or qualifying homestead eligible for exemption, Idaho Code § 55-1004(2) requires the execution and recordation of the appropriate declarations. Mem. Decision at 14–15. But Debtors recorded no such declarations regarding either the Lava cabin or their Utah mobile home until after filing their petition.

## Conclusion

Debtors' Motion for Extension of Time and Motion for Reconsideration will be denied by entry of a separate order.

Dated: October 26, 2005

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 8